United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-50766
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BART ELLIS SHOUPE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-12-7
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Bart Ellis Shoupe appeals his jury-trial conviction for
conspiracy to possess with intent to distribute marijuana between
1993 and 1996.  He contends that the district court abused its
discretion by admitting evidence under FED. R. EVID. 404(b) of his
involvement in a marijuana-trafficking operation in 2002, while
he was a fugitive.  Shoupe's defense was that he lacked the
intent to join the charged conspiracy.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court did not abuse its discretion by admitting the evidence of Shoupe's subsequent conduct. See United States v. Buchanan, 70 F.3d 818, 831 (5th Cir. 1995). The evidence was admissible under FED. R. EVID. 404(b) because Shoupe asserted a defense of a lack of intent, and the other-acts evidence was admitted for the limited purpose of showing that Shoupe had the intent to conspire to possess and distribute marijuana. See United States v. Broussard, 80 F.3d 1025, 1040 (5th Cir. 1996); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). The probative value of the contested evidence was relevant to Shoupe's intent and was not outweighed by the danger of unfair prejudice, especially in light of the district court's instruction that the evidence could be considered only with regard to Shoupe's intent or state of mind. See Broussard, 80 F.3d at 1040.

AFFIRMED.